Benjamin Brenner, J.
Motion for reargnment. In dismissing the petition for review the court had pointed out that failure to give petitioner notice of the owner’s application for an increase in rent was a neglect of official duty and would be sufficient ground for reversal but for the fact that petitioner had knowledge of the proceedings and had participated to some extent therein, and the further fact that the objections raised by petitioner were considered, the respondent stating that he ‘ ‘ has carefully reviewed all the evidence in the record and has considered this matter de novo.”
Upon this reargument petitioner again urges failure of notice of the proceedings as ground for reversal, and points to an *840 arithmetical miscalculation which is conceded by respondent’s attorney. It is not at all clear whether the Administrator took the miscalculation into account although it is urged that a reasonable rent was nevertheless established. I am still of the view that the petitioner had ample opportunity to advance argument as to this as well as to the other alleged errors and, accordingly, do not believe it necessary to reopen the proceedings. But, in the interests of substantial justice I would be inclined to remand in order to permit petitioner to oppose the application directly rather than stand on the facts established upon the review, provided the petitioner himself shows good faith.
I am mindful of the fact that petitioner has not paid rent for the premises for more than a year, or since January, 1957. The lease provides for a rental of $65 per month. If the matter be .remanded, additional time will elapse and additional rent will accrue. Petitioner claims the unpaid rent amounts to only $500 (exclusive of a deposit in the Municipal Court), while the landlord claims the amount due is about $1,300 to the end of April, 1958.
Thus, again, in the interests of substantial justice, continued occupancy while the proceedings are continued on remand must be conditioned upon payment of rent or security for the payment thereof. If, then, the tenant agrees to deposit with the Municipal Court of the City of New York, Borough of Brooklyn, Second District, the sum of $1,000, inclusive of the sum of $250 alleged to be presently on deposit in said court where a proceeding to evict petitioner for nonpayment of rent is pending1, the motion for reargument will be granted and the matter remanded.
While formal hearings are held to be discretionary (Matter of Billingslea v. McGoldrick, 305 N. Y. 641), the attention of respondent is called to the enlightening discussion by Vatt Voorhis, J., of procedural requirements in the exercise of administrative and judicial functions, in Matter of O’Brien v. Commissioner of Educ. ( 4 N Y 2d 140, 147-148), wherein he stated: “ the taking of testimony cannot be prohibited under the rule-making power, nor even by statute, in a judicial or quasi-judicial proceeding where the facts are in dispute or are not clearly established, without violating the due process clauses of the State and Federal Constitutions * * * Due process in the decision of justiciable controversies requires a hearing, including opportunity to the parties to examine and cross-examine witnesses if material facts or inferences of fact are conflicting or uncertain ”, This, to my mind, points not only to *841 the need for notice but to the need for ample opportunity by an aggrieved party to offer proof on contested facts if the requirement for due process is to be observed in administrative decisions.
If petitioner consents to make the deposit, as provided herein, under an appropriate stipulation between petitioner and the owner, the motion for reargument is granted, and upon such reargument the matter remanded to respondent to take such further proceedings as deemed appropriate not inconsistent herewith. If petitioner refuses to consent to such deposit the motion for reargument is granted and the original decision adhered to. Petitioner will indicate consent or refusal within 10 days from the date of the publication of this decision in the New York Law Journal.
Settle order on notice.